SANDFORD L. FREY (State Bar No. 117058)
STUART I. KOENIG (State Bar No. 102764)
CREIM MACIAS KOENIG & FREY LLP
633 W. Fifth Street, 51st Floor
Los Angeles, California 90071
Telephone: (213) 614-1944
Facsimile: (213) 614-1961
Sfrey@cmkllp.com
Skoenig@cmkllp.com

Attorneys for Petitioning Creditors

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

[LOS ANGELES DIVISION]

| | |
|---|---|
| In re<br><br>EZRI NAMVAR<br><br>Debtor and Debtor in Possession. | CASE NO.: LA:08-32349BR<br><br>Chapter 11 |
| IRAJ FARHADIAN, FARHADIAN FAMILY TRUST, ABRAHAM ASSIL, MARC ASHGHIAN, WALL STREET NEVADA LLC, THE SUNSET TRUST, MAHNAZ SEPEHR, KAMRAN RAMINFARD, and SATRAP FAMILY TRUST DATED 7/28/1998<br><br>Plaintiffs<br><br>vs.<br><br>EZRI NAMVAR,<br><br>Defendant. | Adv. Case No.:<br><br>**COMPLAINT FOR PRELIMINARY INJUNCTION** |

I:\slf\20103 (namco capital)\Complaint for preliminary injunction.doc

Petitioning creditors Iraj Farhadian, Farhadian Family Trust, Abraham Assil, Marc Ashghian, Wall Street Nevada LLC, The Sunset Trust, Mahnaz Sepehr, Kamran Raminfard, and Satrap Family Trust dated 7/28/1988, (collectively referred to herein as "Plaintiffs") unsecured creditors in the involuntary Chapter 11 case of EZRI NAMVAR, an individual, Debtor and Debtor in Possession herein, ("Debtor"), hereby files their Complaint For Preliminary Injunction (the "Complaint"), and allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334.

2. This adversary proceeding is commenced pursuant to Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure and Sections 151, 157, 362, and 1334 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") as well as the Local Bankruptcy Rules of the United States Bankruptcy Court and the Rules of the United States District Court for the Central District of California.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

4. This is a "core" proceeding as defined by 28 U.S.C. Sections 157(b)(2)(A), (E), (G), and (O).

## PARTIES

5. Plaintiffs are individuals, limited liability corporations and a trust, all of whom are unsecured creditors of the Debtor. The Plaintiffs all loaned or invested money with the Debtor. All of the transactions between the Plaintiff's and the Debtor took place in Los Angeles County, California.

6. The Plaintiff's are informed and believe and on that basis alleges that the Debtor is an individual whose principal residence and principal place of business is in Los Angeles California. The Plaintiff's are further informed and believe that the Debtor is principally engaged in the raising funds for various entities in which he holds a direct or indirect ownership interest in.

## GENERAL ALLEGATIONS

7. The Plaintiff's filed an involuntary petition against the Debtor under Chapter 11 of 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") on December 22, 2008 (the "Petition Date"). The time

2

for the Debtor to file a response to the involuntary petition has not expired as of the filing of this complaint. The Plaintiff's are informed and believe that the Debtor continues to operate his business and managing his financial affairs during the gap period as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

8. The Plaintiff's are informed and believe that the Debtor is engaged in soliciting funds from the general public for the purpose of investing in real estate projects, including but not limited to office buildings and hotels. During the relevant time referred to herein, the Plaintiff's are informed and believe that Debtor held an interest in real property in Los Angeles County.

9. Prior to the Petition Date, the Plaintiff's loaned or invested in excess of $7 million with the Debtor based on representations by the Debtor that the funds would be used for investments in real property. The Plaintiff's are informed and believe that the funds loaned or invested with the Debtor were transferred by the Debtor to Namco Capital Group, Inc. ("Namco"). The Plaintiff's are informed and believe that the Debtor owns a majority interest in and controls Namco. Namco is also a debtor in possession based on an involuntary bankruptcy petition filed by the Plaintiff's against Namco on December 22, 2008.

10. The Plaintiff's are informed and believe that all or a portion of the money loaned and/or invested by the Plaintiff's with the Debtor were used by the Debtor to purchase an ownership interest in an office building located at 12124 Wilshire Blvd., Los Angeles, California 90025 ("Wilshire Bundy Building"). The Plaintiff's are further informed and believe that ownership in the Wilshire Bundy Building is held by 5 entities (the "WB Entities"). The Plaintiff's are informed and believe that 4 of the WB Entities own a 99% interest in the entity that holds title to the Wilshire Bundy Building and that the Debtor, his wife, children or siblings own a 99% interest in those 4 entities.

11. The Plaintiff's are informed and believe that the WB Entities have entered into an agreement for the sale of the Wilshire Bundy Building for a sale price of $138 million.

12. The Plaintiff's are informed and believe that the consideration for the purchase of the Wilshire Bundy Building is to be paid as follow: (1) the assumption by the proposed buyers of approximately $68 million in institutional financing currently secured by the Wilshire Bundy Building; (2) the assignment of proposed buyers of notes they are holding that were issued to them by

3

I:\slf\20103 (namco capital)\Complaint for preliminary injunction.doc

Namco ("Namco Notes"), similar to the ones held by the petitioning Creditors, purportedly at a discount; (3) the assignment of proposed claims against Namvar for his misappropriation of their 1031 funds; (4) and cash in the amount of $20 million, of which $5 million has already been received by either Namco or Namvar and already dissipated.

13. The Plaintiff's are informed and believe that the remaining net proceeds of the sale have been assigned by Namvar to Namco and from Namco to another non-debtor entity controlled by Namvar.

## FIRST CLAIM FOR RELIEF

[PRELIMINARY INJUNCTION Fed.R.Bankr.Proc. 7065; 11 U.S.C. § 105(a)]

14. Plaintiff's realleges and incorporates by reference each and every allegation set forth in paragraph 1 through 13 above, inclusive, as though fully set forth herein.

15. The Plaintiff's requests a preliminary injunction enjoining the Debtor from taking any action to sell, transfer or otherwise dispose of any of assets owned or controlled by the Debtor or his wife or children, either directly or indirectly, including but not limited to the proposed sale of the Wilshire Bundy Building.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff's respectfully requests that the Court grant the following relief:

A. An order granting a preliminary injunction against the Debtor;

B. Granting to Plaintiff's and against Debtor, such other and further relief as the Court deems just and proper under the circumstances herein;

C. For attorney's fees and costs of suit incurred herein; and,

D. For such other and further relief as the Court may deem just and proper.

Dated: January 15, 2009                    CREIM MACIAS KOENIG & FREY LLP

By: _____
SANDFORD L. FREY
STUART I. KOENIG
Attorneys for Petitioning Creditors

I:\slf\20103 (namco capital)\Complaint for preliminary injunction.doc

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Sandford L. Frey (State Bar No. 117058)<br>Stuart I. Koenig (State Bar No. 102764)<br>CREIM MACIAS KOENIG & FREY LLP<br>633 W. Fifth Street, 51st Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 614-1944<br>Fax: (213) 614-1961<br><br>*Attorney for Plaintiff* Petitioning Creditors | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

| In re: EZRI NAMVAR,<br><br>Debtor. | CHAPTER 11<br><br>CASE NUMBER 2:08-bk-32349-BR |
|---|---|
| Iraj Farhadian, Farhadian Family Trust, Abraham Assil, Marc Ashghian, Wall Street Nevada, LLC, The Sunset Trust, Nahnaz Sepeher, Kamran Raminfard, and Satrap Family Trust dated 7/28/1998 vs. Ezri Namvar,<br>Plaintiff(s),<br>Defendant(s). | ADVERSARY NUMBER<br><br>*(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO
Clerk of the Bankruptcy Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Revised December 1998 (COA-SA)                                              F 7004-1

Summons and Notice of Status Conference - *Page 2*  **F 7004-1**

| In re EZRI NAMVAR, | CHAPTER 11 |
|---|---|
| Debtor. | CASE NUMBER 2:08-bk-32349-BR |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF  LOS ANGELES

1. I am employed in the County of Los Angeles_____, State of California. I am over the age of 18 and not a party to the within action. My business address is as follows:

   633 W. Fifth Street, 51st Floor, Los Angeles, California 90071

2. ☐ **Regular Mail Service:** On _____, I served the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at _____, California, addressed as set forth below.

3. ☐ **Personal Service:** On _____, personal service of the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was made on the Defendant(s) at the address(es) set forth below.

4. Defendant(s) and address(es) upon which service was made:

☒ Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

_____  _____
*Type Name*                 *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Revised December 1998 (COA-SA)    **F 7004-1**

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Iraj Farhadian, Farhadian Family Trust, Abraham Assil, Marc Ashghian, Wall Street Nevada LLC, The Sunset Trust, Nahnaz Sepeher, Kamran Raminfard, and Satrap Family Trust Dated 7/28/1998 | Ezri Namvar |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Stuart I. Koenig, Esq.<br>CREIM MACIAS KOENIG & FREY LLP<br>633 W. Fifth Street, 51st Floor<br>Los Angeles, CA 90071<br>(213) 614-1944 | Howard Weg, Esq.<br>Peitzman, Weg & Kempinsky LLP<br>10100 Santa Monica Blvd., Ste. 1450<br>Los Angeles, CA 90067 |

**PARTY** (Check One Box Only)
- [ ] Debtor
- [ ] U.S. Trustee/Bankruptcy Admin
- [ ] Creditor
- [X] Other Petitioning Creditors
- [ ] Trustee

**PARTY** (Check One Box Only)
- [X] Debtor
- [ ] U.S. Trustee/Bankruptcy Admin
- [ ] Creditor
- [ ] Other
- [ ] Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Request for Preliminary Injunction

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [ ] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [X] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

- [ ] Check if this case involves a substantive issue of state law
- [ ] Check if this is asserted to be a class action under FRCP 23
- [ ] Check if a jury trial is demanded in complaint

Demand $

**Other Relief Sought**

B104

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Ezri Namvar | BANKRUPTCY CASE NO.<br>2:08-bk-32349-BR | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>HON. BARRY RUSSELL |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br>1/15/09 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Stuart I. Koenig, Esq. |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.